UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LUIS GERARDO MORILLO FERNANDEZ, )
                                )
            Petitioner,         )
                                )
        v.                      )    No. 2:26-cv-00150-JPH-MG
                                )
KRISTI NOEM Secretary of the US )
Department of Homeland Security, *et al.*, )
                                )
            Respondents.        )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

U.S. Immigration and Customs Enforcement (ICE) officers arrested noncitizen Luis Morillo Fernandez on February 10, 2026. Mr. Morillo Fernandez is now detained at the Clay County Jail at ICE's direction. He petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a).

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on March 30, 2026**, Respondents must either: (1) afford Mr. Morillo Fernandez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Morillo Fernandez from custody, under reasonable conditions of supervision.

**I. Background**

Mr. Morillo Fernandez entered the United States without inspection in 2022 and was apprehended by Border Patrol agents. Dkt. 6 ¶ 25; dkt. 9-2 at 7.

The U.S. Department of Homeland Security (DHS) granted Mr. Morillo Fernandez parole and permitted him to enter the United States. Dkt. 6-2.

On February 10, 2026, an immigration officer issued an administrative warrant "command[ing]" officers to arrest Mr. Morillo Fernandez under the authority of 8 U.S.C. § 1226. Dkt. 9-2. Officers surveilled Mr. Morillo Fernandez, initiated a traffic stop, and arrested him. Dkt. 9-1 at 6. DHS initiated removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* at 1.

Mr. Morillo Fernandez has remained in custody since his arrest and is currently confined at the Clay County Jail. No evidence indicates that he has requested or received a bond hearing.

## II. Analysis

Mr. Morillo Fernandez asserts that his current detention violates the Fifth Amendment's due process clause and the Immigration and Nationality Act (INA). Dkt. 6 ¶¶ 57–69. He asks the Court to order Respondents to immediately release him from detention or, alternatively, to grant him a bond hearing. Dkt. 6 at 17.

Respondents argue that Mr. Morillo Fernandez's petition is premature; that he is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); and that, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because he will have the opportunity to receive a hearing. Dkt. 9.

The Court finds that Mr. Morillo Fernandez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing.

2

Because Mr. Morillo Fernandez is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

## A.      Exhaustion of Administrative Remedies

Respondents argue that Mr. Morillo Fernandez's claims are premature because he has not requested a bond hearing in his removal proceeding. Dkt. 9 at 3–4. This Court has previously determined that exhaustion is not required because doing so would be futile given the holding in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025), that immigration judges lack authority to hear bond requests or grant bond to noncitizens such as petitioner. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearningen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026); *Diaz Gonzalez v. Swearningen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025).

Respondents appear to argue that exhaustion is not futile because "the rapidly evolving" case law governing DHS's detention authority and detainees' bond eligibility means a bond request has *some* chance of succeeding, whether before the immigration judge, the Board of Immigration Appeals, or the Seventh Circuit. Dkt. 9 at 4. Respondents do not cite, however, any change in policy

3

calling for immigration judges to afford bond requests greater consideration. They cite no judicial precedent as requiring immigration judges to afford bond requests greater consideration. And, Respondents insist in this case that 8 U.S.C. § 1225(b)(2)(A) makes Mr. Morillo Fernandez categorically ineligible for bond, suggesting that neither DHS nor the Department of Justice has changed its position regarding the availability of bond. In short, Respondents offer the Court no reason to deviate from its previous determination that exhausting the administrative remedies in this context would be a futile effort.

## B.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

4

(2) may release the alien on—

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

> (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission,* if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted,* the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**C.    Mr. Morillo Fernandez's Detention Is Governed by 8 U.S.C. § 1226(a)**

The record reflects that Mr. Morillo Fernandez's detention is governed by § 1226(a). As discussed further below, this makes him eligible for a bond hearing. By refusing to provide a bond hearing, the Respondents are detaining Mr. Morillo Fernandez in violation of the laws of the United States, and he therefore is entitled to habeas corpus relief.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Morillo Fernandez who have lived in the interior of the United States for years. *See Alejandro v. Olson,* No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen,* Case No. 2:26-cv-00026-JPH-

6

MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb. 6, 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)); *see* dkt. 9 (citing *Buenrostro-Mendez* throughout). Even if the terms refer to different things, the Fifth Circuit found that Petitioners such as Mr. Morillo Fernandez can be said to be "seeking admission" even though they have resided

within the country for years and are not affirmatively seeking to enter the United States. *Id.*

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Morillo Fernandez, *i.e.*, permitting him to enter the United States on parole and then arresting him inside the United States pursuant to an administrative warrant under the express authority of § 1226. Given the government's treatment of Mr. Morillo Fernandez, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). These facts are also different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), *withdrawn & superseded*, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Morillo Fernandez was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Morillo Fernandez's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief.

## C.      Opportunity for Bond Hearing

9

In the alternative, Respondents argue that Mr. Morillo Fernandez is being lawfully detained under § 1226a "because he will have the opportunity to receive a hearing before an Immigration Judge." Dkt. 9 at 15–16. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> [t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Mr. Morillo Fernandez will receive a bond hearing without an order from this Court. In fact, Respondents contend that Mr. Morillo Fernandez is ineligible for a bond hearing. Because an immigration judge has not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition. Mr. Morillo Fernandez has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, his detention pursuant to § 1226(a) is currently unlawful.

**D.    Scope of Relief**

Mr. Morillo Fernandez is entitled to habeas relief because his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Morillo Fernandez requests immediate release from custody or, in the alternative, an individualized bond hearing. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v.*

*Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Morillo Fernandez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### III. Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 30, 2026**, Respondents must either: (1) provide Mr. Morillo Fernandez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Morillo Fernandez from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on April 1, 2026**, Respondents must file documentation certifying that they have provided Mr. Morillo Fernandez with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/24/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Khiabett Tanairi Osuna
Kriezelman Burton & Associates, LLC
kosuna@krilaw.com

Liberty L. Roberts
Church Church Hittle & Antrim

lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov